28

DET 020283

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEHINDE TYRU WOFFORD

        Petitioner

v

LLOYD W. RAPELJE, WARDEN

        Respondent

_____/

Case:2:10-cv-12266
Judge: Cohn, Avern
MJ: Morgan, Virginia M
Filed: 06-09-2010 At 09:21 AM
HC WOFFORD V RAPELJE (EB)

M

## PETITION FOR WRIT OF HABEAS CORPUS

———

## MEMORANDUM OF LAW

### IN SUPPORT OF

## PETITION FOR WRIT OF HABEAS CORPUS

———

By:

    KEHINDE TYRU WOFFORD
    Inmate Number 261271
    Petitioner in Pro Se
    Saginaw Correctional Facility
    9625 Pierce Road
    Freeland, Michigan 48623

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEHINDE TYRU WOFFORD

        Petitioner

v                                             CIVIL CASE NO:

                                              HON:

LLOYD W. RAPELJE, WARDEN

        Respondent
_____/


## PETITION FOR WRIT OF HABEAS CORPUS

——

    PETITION FOR WRIT OF HABEAS CORPUS is filed under 28 U.S.C. § 2254 by a person in State custody. That person being Kehinde Tyru Wofford, Petitioner in the matter before this Honorable Court.

    In support of PETITION FOR WRIT OF HABEAS CORPUS, Petitioner states:


1.] Petitioner is a United States citizen.


2.] Petitioner is currently incarcerated and confined at Saginaw Correctional Facility. Prison number 261271.


3.] Respondent Lloyd W. Rapelje, is Warden of Saginaw Correctional Facility located in Freeland, Michigan.

1

Petitioner's incarceration arises from conviction of FELON IN POSSESSION OF FIREARM - MCL 750.224f; and FELONY FIREARM - MCL 750.227b. Petitioner was originally charged with two (2) COUNTS - First-Degree Premeditated Murder - MCL 750.316(1)(a); one (1) COUNT - First-Degree Felony Murder - MCL 750.316(1)(b).

5.] In a trial by jury, Petitioner was acquitted of all murder charges.

6.] Trial by jury was conducted before the Honorable Ulysses W. Boykin, presiding in the Circuit Court for the County of Wayne. Docket number 06-011020-01.

7.] On April 26, 2007 Judge Boykin sentenced Petitioner to consecutive prison terms of two years as mandated for Felony-Firearm, and 57 months to 10 years regarding Felon in Possession of Firearm.

8.] Petitioner appealed as right to Michigan Court Of Appeals who affirmed conviction on May 21, 2009.  Docket number 278240.

9.] Michigan Supreme Court denied leave on October 26, 2009. Docket number 139065.

Petitioner appeals to this Honorable Court the decision of Michigan Court Of Appeals where Petitioner raised 2 issues. The issues are with merit, Michigan Court Of Appeals' denial resulted in a decision that was based on an unreasonable determination of facts in light of the evidence presented in the State court proceedings.

11.] Petitioner on Appeal Of Right raised the following issues:

I

WHETHER PETITIONER WAS DENIED HIS SIXTH AND FOURTEENTH AMENDMENT RIGHTS TO A FAIR TRIAL AND DUE PROCESS OF LAW THROUGH IMPROPER ARGUMENT OF PROSECUTOR?

II

WHETHER PETITIONER WAS DENIED HIS SIXTH AMENDMENT RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL WHERE COUNSEL FAILED TO OBJECT TO THE PROSECUTOR'S IMPROPER ARGUMENT?

12.] Grounds for each issue are as follows:

ISSUE I - During closing argument prosecutor referenced the "Hart Plaza shooting, a Super Bowl weekend in Greektown, the Enron scandal, and church bombings, all without evidence in record and all likely to elicit emotional responses.

ISSUE II - Defense Counsel failed to object to the "poison in your mind with" and "that's a lie, that's a lie, that's a lie" comments by Prosecution, to the extent that Defense Counsel's

3

to object both impacted the proceedings and increased ...tioner's burden on appeal.

13.] Petitioner presented issues herein to Michigan Court Of Appeals for review as well as Michigan Supreme Court. Therefore, they are exhausted in State court.

14.] Petitioner has no other pending Petition regarding the issues herein in any Federal or State Court.

15.] A Writ of Certiorari was not submitted by Petitioner.

16.] Petitioner did not testify during trial and has maintained innocence.

17.] Petitioner was represented during Preliminary, Trial and Sentencing by Defense Counsel:

> Luther W. Glenn (P38683)
> P.O. Box 700557
> Plymouth, Michigan 48470

18.] Represented on Appeal of Right by Appellate Counsel:

> Neil J. Leithauser (P33976)
> 101 W. Big Beaver Road, 14th Floor
> Troy, Michigan 48084

4

] Petitioner filed in Pro Per within Michigan Supreme Court.

20.] Petitioner has no future sentence to serve. Petitioner did submit a PETITION FOR WRIT OF HABEAS CORPUS within this Honorable Court regarding unrelated issues, conviction and sentence.

21.] Petitioner requests this Honorable Court review and grant Writ of Habeas Corpus, reverse Michigan Court Of Appeals' decision, remand Petitioner to Circuit Court for new trial based on facts herein.

22.] Petitioner further requests appointment of counsel.

Dated: 6/3_____, 20 10          Respectfully Submitted,

                                 Kehinde Tyru Wofford, 261271
                                 Saginaw Correctional Facility
                                 9625 Pierce Road
                                 Freeland, Michigan  48623

## STATEMENT OF VERIFICATION

———

I, Kehinde Tyru Wofford, Petitioner in the matter before this Honorable Court declare the PETITION FOR WRIT OF HABEAS CORPUS, MEMORANDUM OF LAW IN SUPPORT OF PETITION FOR WRIT OF HABEAS CORPUS and contents thereof are true to the best of my knowledge, information and belief. My signature attests to the facts herein.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEHINDE TYRU WOFFORD

        Petitioner

v                            CIVIL CASE NO:

                               HON:

LLOYD W. RAPELJE, WARDEN

        Respondent
_____/


MEMORANDUM OF LAW

IN SUPPORT OF

PETITION FOR WRIT OF HABEAS CORPUS

———

TABLE OF CONTENTS

PAGE

INDEX OF AUTHORITIES.................................... ii-iii

STATEMENT OF JURISDICTION.............................. IV

STATEMENT OF QUESTIONS PRESENTED...................... v

STANDARD OF REVIEW.................................... vi

STATEMENT OF FACTS.................................... 1-2

ARGUMENTS IN SUPPORT.................................. 3-11

RELIEF REQUESTED...................................... 12

QUESTIONS PRESENTED:

I

**WHETHER PETITIONER WAS DENIED HIS SIXTH AND FOURTEENTH AMENDMENT RIGHTS TO A FAIR TRIAL AND DUE PROCESS OF LAW THROUGH IMPROPER ARGUMENT OF PROSECUTOR?**

II

**WHETHER PETITIONER WAS DENIED HIS SIXTH AMENDMENT RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL WHERE COUNSEL FAILED TO OBJECT TO THE PROSECUTOR'S IMPROPER ARGUMENT?**

INDEX OF AUTHORITIES

PAGE

BERGER v UNITED STATES, 55 S. Ct 629 (1935)............... 4

BRECHT v ABRAHAMSON, 507 US 619 (1993).................... 6

DARDEN v WAINWRIGHT, 477 US 168 (1988)................... 6

DAVIS v ALABAMA, 596 F. 2d 1214 (1979)................... 10

DONNELLY v DECHRISTOFORO, 416 US 637 (1974)............. 6

HODGE v HURLEY, 426 F. 3d 368 (2005)..................... 4,5

KIMMELMAN v MORRISON, 477 US 365 (1986).................. 9

KUNGYS v UNITED STATES, 108 S. Ct 1537 (1998)............ 5

LINDEN v DICKSON, 287 F. 2d 55 (1961).................... 4

MASON v MITCHELL, 320 F. 3d 604 (2003).................. 6

MCADOO v ELO, 365 F. 3d 487 (2007)...................... 8

SIZEMORE v FLETCHER, 921 F. 2d 667 (1990)............... 3

STATE v LOTT, 111 S. Ct 591 (1990)...................... 4

STRICKLAND v WASHINGTON, 104 S. Ct 2052 (1984).......... 8,10

UNITED STATES v BLANDFORD, 33 F. 3d 685 (1994)........... 5

UNITED STATES v CARROLL, 26 F. 3d 749 (2002)............ 5

UNITED STATES v CLARK, 982 F. 2d 965 (1985)............. 3

UNITED STATES v COLLINS, 78 F. 3d 1021 (1996)........... 3,8

UNITED STATES v CRONIC, 104 S. Ct 2039 (1984)........... 8

UNITED STATES v DECOSTER, 444 US 944 (1979)............. 10

UNITED STATES v DELOACH, 504 F. 2d 185 (1974)........... 4,5

UNITED STATES v FRANCIS, 170 F. 3d 546 (1999)........... 5

INDEX OF AUTHORITIES -- CONT'D

PAGE

UNITED STATES v OLANO, 507 US 725 (1993)................. 3,8

UNITED STATES v RUDBERG, 122 F. 3d 1199 (1997)........... 3

UNITED STATES v YOUNG, 105 S. Ct 1038 (1985)............. 5

U.S. v BARILE, 286 F. 3d 749 (2002)..................... 5




U.S.C.A. CONSTITUTIONAL AMENDMENTS V and XIV............. 5

## STATEMENT OF JURISDICTION

———

Petitioner appealed conviction and sentence within Michigan Court Of Appeals who affirmed both on May 21, 2009. Docket number 278240. Petitioner further submitted appeal within Michigan Supreme Court who denied leave on October 26, 2009. Docket number 139065. Pursuant to 28 U.S.C. § 2254 Petitioner has one (1) year from date highest State court rendered its decision, to submit PETITION FOR WRIT OF HABEAS CORPUS within District Court. Petitioner files timely within this Honorable Court therefore this Court has jurisdiction to render decision.

## STATEMENT OF QUESTIONS PRESENTED

### I

WHETHER PETITIONER WAS DENIED HIS SIXTH AND FOURTEENTH AMENDMENT RIGHTS TO A FAIR TRIAL AND DUE PROCESS OF LAW THROUGH IMPROPER ARGUMENT OF PROSECUTOR?

RESPONDENT SAYS "NO"
PETITIONER SAYS "YES"

### II

WHETHER PETITIONER WAS DENIED HIS SIXTH AMENDMENT RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL WHERE COUNSEL FAILED TO OBJECT TO THE PROSECUTOR'S IMPROPER ARGUMENT?

RESPONDENT SAYS "NO"
PETITIONER SAYS "YES"

v

## STANDARD OF REVIEW

———

The standard of review for a habeas corpus petition is set forth in 28 U.S.C. § 2254(d). That section provides that the writ be granted if the state appeal:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States or,

(2)   resulted in a decision that was based on an unreasonable determination of facts in light of the evidence presented in the State court proceedings.

STATEMENT OF FACTS

———

Petitioner was charged with two counts of First-Degree premeditated murder, MCL 750.316(1)(a), one count of First-Degree felony murder, MCL 750.316(1)(b), Felon in Possession of a Firearm, MCL 750.224(f), Felony Firearm, MCL 750.227b, and Conspiracy to Commit First-Degree premeditated murder, MCL 750.157a; MCL 750.3169(1)(a). Petitioner was convicted by jury of Felon in Possession of Firearm and Felony Firearm. The jury acquitted Petitioner of all murder charges. On April 26, 2007 the Honorable Ulysses Boykin, presiding in Circuit Court for Wayne County, sentenced Petitioner to consecutive prison terms of two years, as mandated for Felony Firearm and 57 months to ten years for Felon in Possession of Firearm.

Original charges arose from the shooting deaths of 33 year-old Herbert Lewis and 29 year-old Leonard Jones. The offense occurred on July 29, 2005 on Fielding Street in the City of Detroit.

During trial proceedings, Petitioner did not testify and no witnesses for defense was presented.

Petitioner Appealed as Right to Michigan Court Of Appeals who affirmed conviction and sentence on May 21, 2009. Docket number 278240. On October 26, 2009 Michigan Supreme Court denied leave. Docket number 139065.

Petitioner now submits Petition For Writ Of Habeas Corpus contesting Michigan Court Of Appeals' decision.

Dated: _____ __, 20__          Respectfully Submitted,

                                   _____
                                   Kehinde Tyru Wofford #261271

ARGUMENTS IN SUPPORT

I

WHETHER PETITIONER WAS DENIED HIS SIXTH AND
FOURTEENTH AMENDMENT RIGHTS TO A FAIR TRIAL
AND DUE PROCESS OF LAW THROUGH IMPROPER
ARGUMENT OF PROSECUTOR?

Standard of review:

Claims of prosecutorial misconduct, and questions of law are generally reviewed de novo, in context and on the record as a whole, to determine whether or not the complained of conduct deprived Petitioner of a fair trial. UNITED STATES v CLARK, 982 F. 2d 965 (6th Cir 1985); SIZEMORE v FLETCHER, 921 F. 2d 667 (C.A. 6, 1990).

Forfeited error, constitutional or nonconstitutional is subject to the plain error analysis. UNITED STATES v OLANO, 507 US 725; 113 S. Ct 1770; 123 L. Ed2d 508 (1993); UNITED STATES v RUDGERG, 122 F. 3d 1199 (1997); UNITED STATES v COLLINS, 78 F. 3d 1021 (6th Cir 1996).

Counsel objected to some of the instance (T.T. 48; 49; 50; 119; 120; 127 no objection; 129 no objection).

During closing argument Prosecutor referenced the "Hart Plaza shooting," a Super Bowl weekend shooting in Greektown, the Rnron scandals and church bombings ( T.T. 4/05/2007, 48-51), all without evidence in the record, and all likely to elicit emotional responses. Prosecution tried to bolster testimony of a police officer who was not qualified as an expert, and explaining why there were no fingerprints sought or found on the shell casings.

3

The police officer was describing the physical process conducted in attempting to discover fingerprints despite there being nothing on record to support it, and despite the Trial Judge earlier having prohibited the Prosecutor from questioning the officer in that area. (Id., 119). Immediately thereafter, the Prosecutor tried to describe in what essentially was unsworn testimony by the Prosecutor, for the jury, why no full fingerprint could/would be found. (id., 119-120). Referencing Defense Counsel's comments, Prosecutor said "[n]ot what he wants to poison your mind with to suggest I'm going to throw something out there. To suggest a motive. To create a beef between Sly and Wolf... (Id., 127)." Finally, Prosecutor argued that "the proof is in the detail of things, okay? Counsel suggests to you that there's absolutely no corroboration of anything that Sly told Officer Thomas back on October 18, 2005. That's a lie, that's a lie, that's a lie, ladies and gentlemen" (Id., 129)

A prosecutor's duty in a criminal prosecution extends beyond merely trying to secure a conviction. Indeed, the prosecution has the obligation to both see that justice is done and to protect the constitutional rights of the accused. BERGER v UNITED STATES, 295 US 78; 55 S. Ct 629; 79 L. Ed 1315 (1935); STATE v LOTT, 498 US 1017; 111 S. Ct 591; 112 L. Ed2d 596 (1990); HODGE v HURLEY, 426 F. 3d 368 (6th Cir 2005); LINDEN v DICKSON, 287 F. 2d 55 (1961).

It is the prosecutor's duty as well as the court's to see to it that Petitioner receives a fair trial. UNITED STATES v DELOACH

504 F. 2d 185 (1974); <u>HODGE</u> v <u>HURLEY</u>, supra.; <u>UNITED STATES</u> v <u>YOUNG</u>, 470 US 1; 105 S. Ct 1038; 84 L. Ed2d 11 (1985); U.S.C.A. Constitutional Amendment V and XIV.,

Arguments designed to sway the jury emotionally are improper. <u>U.S.</u> v <u>BARILE</u>, 286 F. 3d 749 (2002); <u>KUNGYS</u> v <u>UNITED STATES</u>, 485 US 759; 108 S. Ct 1537; 99 L. Ed2d 839 (1998); <u>UNITED STATES</u> v <u>YOUNG</u>, supra.; <u>UNITED STATES</u> v <u>BLANDFORD</u>, 33 F. 3d 685 (6th Cir 1994)).

Furthermore, however strong a prosecutor's belief that the accused is guilty, Prosecution must remember that he may strike blows, but in so doing, he must strike them fairly. Conviction obtained unjustly are reversible convictions. <u>UNITED STATES</u> v <u>FRANCIS</u>, 170 F. 3d 546 (6th Cir 1999). It is presumable that statements of fact based upon personal knowledge made by a person occupying the responsible position of a Prosecutor, whom the people have chosen because of his ability and character to fill that position, would have both weight and influence with the jury, and may have determined any doubt which they may have entertained of Petitioner's guilt. <u>UNITED STATES</u> v <u>CARROLL</u>, 26 F. 3d 1387 (6th Cir 1994); <u>UNITED STATES</u> v <u>FRANCIS</u> supra.


DISCUSSION
-----

The ultimate question for determination then becomes whether it "so infected the trial with unfairness as to make the conviction a denial of Due Process." DARDEN v WAINWRIGHT, 477 US 168; 106 S. Ct 2464; 91 L.Ed2d 144 (1988); citing DONNELLY v DECHRISTOFORO, 416 US 637; 94 S. Ct 1868; 40 L. Ed2d 431 (1974); MASON v MITCHELL, 320 F. 3d 604 (6th Cir 2003); BRECHT v ABRAHAMSON, 507 US 619; 113 S. Ct 1710; 123 L. Ed2d 353 (1993). That is the exact question Michigan Court Of Appeals failed to consider, which resulted in denial of leave regarding Prosecution's misconduct. Prosecution presented examples such as the Enron scandal, shootings in Greektown during Super Bowl and Hart Plaza shootings. Furthermore, Prosecution called Defense a liar when stating three times "That's a lie."

What Michigan Court Of Appeals further failed to consider was the fact Prosecution's case against Petitioner was "weak," and the only way for Prosecution to obtain a conviction of any kind was to resort misconduct. Should this Court review the facts in light of evidence as it is obvious Michigan Court Of Appeals did not, this Court would recognize the fact that Prosecution's information charged Petitioner with Premeditated Murder and Felony Murder, and the only evidence Prosecutor could find to produce was an informant. A Jovan Sly. There was no evidence to connect Petitioner with any of the alleged murders. There is no question as to how the jury regarded testimony of Jovan Sly. They were neither impressed nor convinced Petitioner was guilty of murder. Sly was the sole evidence regarding the murders and firearms charges. The jury, who recognized what Michigan Court Of

Appeals failed to, was the weakness in Prosecution's case against Petitioner. Petitioner is contesting the inconsistent result of the verdict rendered. Not guilty of all murders, yet guilty of firearm charges. Where is the rational? The rational was consistent with Prosecution's improper remarks which is obviously enough to sway the jury into believing Petitioner was guilty of something, so the jury compromised.

Petitioner recognizes juries are not held to any strict rule of logic, but in recognizing that factor, Petitioner further recognizes jurors are instructed to utilize common sense. The verdicts rendered defy common sense. What swayed the jury to acquit Petitioner of murder was not believing Jovan Sly. What swayed them to convict Petitioner of firearms charges was Prosecutions improper statements. Prosecution's improper denigration of Defense Counsel and the defense, express and implied, had the reasonable likelihood of being the extra mechanism underlying the guilty verdict. The verdicts are therefore not reliable, and firearms convictions and sentences must therefore be vacated. Michigan Court Of Appeals' decision was based as a result of an unreasonable determination of facts in light of evidence presented during State court proceedings. Reversal of that decision with conviction and sentence vacated by this Honorable Court is required.

ARGUMENTS IN SUPPORT

II

WHETHER PETITIONER WAS DENIED HIS SIXTH AMENDMENT RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL WHERE COUNSEL FAILED TO OBJECT TO THE PROSECUTOR'S IMPROPER ARGUMENT?

Standard of review:

Sixth Amendment effective assistance of counsel claims are reviewed de novo MCADOO v ELO, 365 F. 3d 487 (6th Cir 2007). To determine whether Counselor's performance fell below the objective standard of reasonableness, prejudiced Petitioner and as a result, denied him a fair trial. UNITED STATES, v CRONIC, 104 S. Ct 2039 (1984), STRICKLAND v WASHINGTON, 466 US 668; 104 S. Ct. 2052; 80 L. Ed2d 674 (1984), setting forth a two-prong standard that claimant must show counselor's performance fell below an objective standard of reasonableness, and that a reasonable probability exists that, but for counselor's deficient performance, the result of the proceedings would have been different. STRICKLAND, CRONIC, supra.

Forfeited error, constitutional or nonconstitutional is subject to the plain error analysis. UNITED STATES v OLANO, 507 US 725 (1993); UNITED STATES v COLLINS, 78 F. 3d 1021 (6th Cir 1996). Counselor's errors are evident in the existing record, constituting plain error.

Defense Counsel, as evident on record, failed to object to the "poison your mind with," and "that's a lie, that's a lie, that's a lie." comments. (T.T., 4/05/2007, 127, 129 ) Failure to object both impacted the proceedings and increased Petitioner's

8

burden on appeal, by subjecting Petitioner's appeal to a more stringent plain error analysis. Counselor's error in failure to object prejudiced Petitioner at both trial and appellate levels which is contrary to Petitioner's Sixth Amendment guaranteed right to effective assistance of counsel.

While it is true that trial counsel generally enjoys a presumption of having acted through legitimate strategy, trial strategy does not immunize the attorney, nor do the words "trial strategy" insulate the attorney's decision from a finding that the tactics or strategy deprived an accused of a fair trial and effective assistance of counsel. Counsel may very well be entitled to strong presumption of effectiveness, but deliberate trial tactics may constitute ineffective assistance of counsel where they fall outside the wide range of professionally competent assistance. STRICKLAND, CRONIC supra.

## DISCUSSION

Trial Court and Michigan Court Of Appeals failed to recognize the fact that ineffective assistance of counsel may stem from a single, serious error. KIMMELMAN v MORRISON, 477 US 365; 106 S. Ct 2574; 91 L. Ed2d 305 (1986). Since Michigan Court Of Appeals rendered its decision, and affirmed conviction and sentence, it is that Court which Petitioner contests, due to the fact that Court's decision was the result of unreasonable

determination of facts in light of evidence presented at Trial Court proceedings. Defense Counselor's failure to object cannot be considered sound trial strategy for the fact that review of record will clearly reveal the weakness in Prosecution's case, and further reveal the inconsistent verdicts.

Reviewing Court must consider the question as to why the jury acquitted Petitioner of all murder charges and not just any murder charges, but those which mandate mandatory life without possibility of parole, and then find Petitioner guilty of firearm charges? Again, where is the logic? It is apparent Prosecutor's improper arguments stirred the jury to find guilt. Michigan Court Of Appeals failed to recognize the fact Defense Counselor's failure to object contributed to Petitioner being found guilty of firearm charges. What is more evident, that Defense Counsel's error is a constitutional error and contrary to the Sixth Amendment right to competent, effective, assistance of counsel.

Failure to object is an error which has the reasonable probability to be decisive in the outcome where jury rendered verdict of guilt. UNITED STATES v DECOSTER, 444 US 944; 100 S. Ct 302; 62 L. Ed2d 311 (1979); DAVIS v ALABAMA, 596 F. 2d 1214 (1979); STRICKLAND, supra.

Therefore, in accordance with STRICKLAND, supra the factual predicate for the basis of Petitioner's claim is the fact Defense Counsel failed to object at a critical stage in proceedings where Prosecutor's improper arguments swayed jury to find a verdict of guilt which is inconsistent with a verdict of not guilty

regarding all murder charges, and that failure caused Defense Counsel to fall below guaranteed Sixth Amendment rights to effective assistance, and further prejudiced Petitioner not only during trial proceedings where prosecution waved a gun during improper arguments, but on appeal as well. Petitioner is entitled to a new trial regarding the firearm convictions.

RELIEF REQUESTED

————

Pursuant to facts herein, Petitioner requests this Honorable Court to issue Writ Of Habeas Corpus, reverse Michigan Court Of Appeals' decision, remand Petitioner to Circuit Court for new trial. Regarding firearm conviction.

Petitioner further requests appointment of counsel.

Dated: 6/3 , 20__

Respectfully Submitted,

Kehinde Tyru Wofford #261271

12

# Order

**Michigan Supreme Court**
**Lansing, Michigan**

October 26, 2009

Marilyn Kelly,
Chief Justice

139065

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
        Plaintiff-Appellee,

v                                                        SC: 139065
                                                         COA:  278240
                                                         Wayne CC: 06-011020-01
KEHINDA WOFFORD, a/k/a
KEHINDE TYRU WOFFORD,
        Defendant-Appellant.
_____/

        On order of the Court, the application for leave to appeal the May 21, 2009
judgment of the Court of Appeals is considered, and it is DENIED, because we are not
persuaded that the questions presented should be reviewed by this Court.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the
foregoing is a true and complete copy of the order entered at the direction of the Court.

October 26, 2009

_Corbin R. Davis_
        Clerk

p1019

# CIVIL COVER SHEET FOR PRISONER CASES

| | | |
|---|---|---|
| **Case No.**  10-12266 | **Judge:**  Avern Cohn | **Magistrate Judge:**  Virginia M. Morgan |

| **Name of 1st Listed Plaintiff/Petitioner:** | **Name of 1st Listed Defendant/Respondent:** |
|---|---|
| Kehinde Wofford | Lloyd W. Rapelje |
| **Inmate Number:**   261271 | **Additional Information:** |

**Plaintiff/Petitioner's Attorney and Address Information:**

**Correctional Facility:**

Saginaw Correctional Facility

9625 Pierce Road
Freeland, MI 48623
SAGINAW COUNTY

**BASIS OF JURISDICTION**
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question

**NATURE OF SUIT**
- ☒ 530 Habeas Corpus
- ☐ 540 Mandamus
- ☐ 550 Civil Rights
- ☐ 555 Prison Conditions

**ORIGIN**
- ☒ 1 Original Proceeding
- ☐ 5 Transferred from Another District Court
- ☐ Other:

**FEE STATUS**
- ☐ IFP *In Forma Pauperis*
- ☒ PD Paid

---

**PURSUANT TO LOCAL RULE 83.11**

1. **Is this a case that has been previously dismissed?**
   - ☐ Yes          ☐ No
   - ➤ If yes, give the following information:

     Court: _____

     Case No: _____

     Judge: _____

2. **Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)**
   - ☐ Yes          ☐ No
   - ➤ If yes, give the following information:

     Court: _____

     Case No: _____

     Judge: _____